

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRCT OF ALABAMA**
**EASTERN DIVISION**

| | |
|---|---|
| **RUBY NELSON,** | ] |
| Plaintiff(s), | ] |
| vs. | ] CV 02-N-02291-E |
| **BAYER CORPORATION, et al.,** | ] |
| Defendant(s). | ] |

**Memorandum of Opinion**

### I.   Introduction

The court has for consideration the motion of the defendants to stay all proceedings pending transfer to another court by the Multidistrict Litigation Panel. (Doc. #8), as well as the plaintiff's motion to remand. Previously, the court granted the motion to stay proceedings but reserved the right to address jurisdictional issues while other matters were held in abeyance. Plaintiff responded on October 8, 2002, with a motion to remand the entire case to the state court. (Doc. #10). The issues have been briefed by both parties and are now ripe for decision. Upon due consideration the motion to remand will be granted.

### II.   Facts

Plaintiff Ruby Nelson ("Ms. Nelson"), consumed and ingested cerivastatin sodium medication ("Baycol") on or before August 8, 2001. (Complaint ¶ 13). She alleges that she has numerous health problems due to the ingestion of Baycol, including partial renal failure,

1



muscle necrosis, extreme muscle pains, and limited mobility of her extremities. (Complaint ¶¶ 15-17).

Plaintiff filed this action in the Circuit Court of Cleburne County, Alabama, on August 15, 2002, against Baycol manufacturers Bayer Corporation ("Bayer") and GlaxoSmithKline ("GSK"), her treating physician Dr. Roumen K. Ivanov ("Dr. Ivanov"), Dr. Ivanov's employer Cleburne Medical Clinic, Inc. ("Cleburne Clinic"), and several fictitious defendants. She asserts claims for strict liability, negligence, breach of implied warranty, negligent misrepresentation, willful and wanton conduct, unjust enrichment and fraud against Bayer and GSK, and a count of negligence against Dr. Ivanov and the Cleburne Clinic.[1] She seeks compensatory and punitive damages.

Bayer is a corporation organized under the laws of Indiana with its principle place of business in Pennsylvania, and GSK is organized under the laws of Great Britain with its principal place of business in the United States also in Pennsylvania. Plaintiff is a citizen of Alabama as is the Cleburne Clinic and Dr. Ivanov. Bayer timely removed this action on September 17, 2002. (Doc. #1).

## III.  Discussion

Defendants argue that the court should deny the motion to remand and transfer the case to the MDL panel because jurisdiction is proper pursuant to 28 U.S.C. § 1332, which provides that "the district courts shall have original jurisdiction of all civil actions where the

---

[1] The court has read through the record and is aware of potential statute of limitations problems this complaint may have as against Bayer and GSX. (Doc. #1). It is not the job of the court, however, to decide what may have motivated that plaintiff to join this claim. Rather, it is charged with the task of determining whether the plaintiff has stated a claim under the MLA.

2

matter in controversy exceeds the sum value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a) (2001). The plaintiff asserts that complete diversity between the parties is lacking because defendants Dr. Ivanov and Cleburne Clinic, who are "citizens" of Alabama, are not diverse as to them. *See Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1359 (11th Cir. 1996), *overruled on other grounds, Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000) (stating that complete diversity of the parties is necessary to confer diversity jurisdiction on the district court). Defendants argue, however, that complete diversity is present because the plaintiff fraudulently joined Dr. Ivanov and the Cleburne Clinic. *See Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983) (finding that when a party is fraudulently joined to a law suit, that party's citizenship cannot defeat diversity jurisdiction).

The Eleventh Circuit has noted, "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 (11th Cir. 1998). There are three situations in which joinder is deemed fraudulent, such that the citizenship of the joined party is not considered for diversity purposes. *Id.* The first situation occurs when "there is no possibility that the plaintiff would be able to establish a cause of action against the resident defendant in state court." *Coker*, 709 F.2d at 1440. The second situation occurs when there is outright fraud in the plaintiff's pleading of jurisdictional facts. *Triggs*, 154 F.3d at 1287. The final situation, based upon the requirements of permissive joinder under Fed. R. Civ. P. 20, occurs when diverse defendants are joined with non-diverse defendants as to whom there is no joint, several, or alternative liability and the claims against the non-diverse defendants have no

3

real connection to the claims against the diverse defendants. *Tapscott*, 77 F.3d at 1360.

Defendants argue that the first situation is present in this case. More specifically, Defendants assert that Ms. Nelson would not be able to establish a cause of action in state court against either Dr. Ivanov or the Cleburne Clinic because she failed to satisfy both the pleading requirements of Federal Rule 8(a) and the more specific pleading requirements of the Alabama Medical Liability Act (the "MLA"), Ala. Code Ann. § 6-5-540, *et seq*. Under the MLA, the plaintiff "must give the defendant health care provider fair notice of the allegedly negligent act and must identify the time and place it occurred and the resulting harm." Ala. Code Ann. § 6-5-551, *Mikkelsen v. Salama*, 619 So. 2d 1382, 1384 (Ala. 1993). Moreover, "[a]ny complaint which fails to include such detailed specification and factual description of each act and omission shall be subject to dismissal for failure to state a claim upon which relief may be granted." Ala. Code Ann. § 6-5-551.

In *Crowe v. Coleman*, the Eleventh Circuit fully addressed the standard to be applied in resolving a claim of fraudulent joinder:

> The burden of the removing party is a "heavy one." *B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. Unit A 1981). To determine whether the case should be remanded, the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff. *Id* at 549. . . . When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law. *See id*. "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir. 1983), superseded by

4

>statute on other grounds as stated in *Georgetown Manor, Inc.
>v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir. 1993).

113 F.3d 1536, 1538 (11th Cir. 1997).

Defendants first argue that plaintiff's claim fails to satisfy the minimal requirements set forth in Rule 8(a) of the Federal Rules of Civil Procedure which require a "short and plain statement of the claim showing that the pleader is entitled to relief." Previously, the court has held that a "complaint based on 'conclusory allegations and unwarranted deductions of fact' is subject to dismissal" because it does not state a claim. *In re Silicone Gel Breast Implants Prods. Liab. Litig.*, 174 F. Supp. 2d 1242, 1251 (N.D. Ala. 2001) (quoting *South Fla. Water Magt. Dist. v. Motalvo*, 84 F.3d 402, 408 n. 10 (11th Cir. 1996)); *accord Taylor v. Books A Million Inc.* 296 F.3d 376, 378 (5th Cir. 2002) ("conclusory allegations masquerading as factual conclusions will not suffice" to state a claim) (citations omitted).

In this case, the defendants argue that the plaintiff's general statement that the treating physician "failed to warn" the plaintiff fails to meet the liberal pleading requirements established by the Federal Rules because the plaintiff fails to state a specific factual or legal claim against Dr. Ivanov or his employer. The court disagrees; the complaint established the basic threshold information required under Rule 8(a). It stated that the defendant prescribed the medication, the general time he prescribed it, and that it caused her harm which resulted in physical ailments listed in her complaint. *In re Silicone Gel Breast Implants*, 174 F. Supp. 2d at 1251 (citing cases which indicate the aim of the court in a motion to dismiss is to determine whether basic threshold information is met) (citation omitted). Likewise, the court finds that the plaintiff validly stated a claim against the

5

Cleburne Center when it stated that Dr. Ivanov as an agent of the clinic treated the plaintiff and provided an appropriate citation to the Alabama Code. (Complaint ¶ 10) (citing Ala. Code. Ann. § 6-5-300).

Defendants further contend that even if the complaint meets the Rule 8(a) threshold, it still fails to state a claim under the Alabama MLA. The MLA provides "when a plaintiff files a complaint alleging that a health care provider breached the standard of care owed to the plaintiff, although every element of the cause of action need not be stated with particularity, the plaintiff must give the defendant health care provider fair notice of the allegedly negligent act and must identify the time and place it occurred and the resulting harm." Ala. Code Ann. § 6-5-551; *Mikkelsen v. Salama*, 619 So. 2d 1382, 1384 (Ala. 1993); *Ex Parte Coosa Valley Health Care, Inc.*, 789 So. 2d 208, 216 (Ala. 2000) (noting the standard); *see also In re Rezulin*, 133 F. Supp. 2d 272, 295 (S.D.N.Y. 2001) (interpreting Alabama law and denying motion to remand where the complaint listed the doctor but did not allege a cause of action against him); *see also Yon v. Riley*, 2002 WL 1268394 (M.D. Ala. 2002) (holding general pleadings sufficient to survive a motion to dismiss where the specific detail of a procedure would put defendant on notice).

Although the Alabama Supreme Court has never listed a dispositive set of factors which distinguish a viable claim for medical malpractice liability from a non-viable one, the court appears to interpret the specificity requirement rather broadly. The complaint must contain some indication that the treating physician "proximately cause[d] [plaintiff's] injuries or that he "knew or should have known of the risks of [the medication]." *In re*

6

*Rezulin*, 133 F. Supp. 2d at 295.[2] For example in *Mikkelsen v. Salama*, the Alabama Supreme Court expounded upon the statutory standard and held that a complaint would not be dismissed so long as the court could determine the doctor's negligent act, the date and time of the act, and the proximate cause. 619 So. 2d at 1384. Above all, the concern of the court focused on giving the treating physician "fair notice of the claim against him and against which he had to defend." *Id.*; *see also Ex Parte Coosa Valley Health Care, Inc.*, 789 So. 2d at 216 (listing several cases which suggest that the Alabama Supreme Court had a lower threshold than the heightened specificity requirements demanded by the defendants).

In this case the plaintiff has alleged that she developed complications involving partial renal failure, muscle necrosis, extreme muscle pains and limited mobility. She has provided an approximate date when she began taking the drug, and she has said that as a proximate result of consuming the medication she was injured. Finally, she stated that the defendant negligently and carelessly fail[ed] to give [her] adequate warning about the dangerous side effects of the medication before prescribing it to her." (Complaint ¶ 23(g)). Accordingly the court finds that although the complaint might not meet the most exacting standards of legal draftsmanship, it meets the requirements of the MLA. The defendant could read the complaint and be well aware of the charges that plaintiff filed against him.

---

[2] Defendants make an additional argument under *In re Rezulin*, that where the plaintiff alleges a cause of action against the product's manufacturer, such a cause of action is fundamentally inconsistent with a charge that the treating physician failed to warn the patient. 133 F. Supp. 2d 272. The idea being that a physician cannot be expected to warn a patient about consequences of a drug which are not known to him. This view has not been universally endorsed, however. *See Barragan v. Warner-Lambert Co.*, 216 F. Supp. 2d 627, 632 (W.D. Texas 2002) (citing *Rezulin* and disagreeing noting that "when a plaintiff sues multiple defendants, it is common that some of the allegations may be inconsistent.").

*Salama*, 619 So. 2d at 1385; *Rezulin*, 133 F. Supp. 2d at 285. Moreover, the court is reminded that in fraudulent joinder cases, its duty is to "evaluate the parties' factual allegations in the light most favorable to the plaintiff and resolve all uncertainties about state substantive law in favor of the plaintiff." *Whitlock v. Jackson Nat'l Life Ins.*, 32 F. Supp. 2d 1286, 1289 (M.D. Ala. 1998). "If there is a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder is proper and remand the case to state court." *Id.* The court finds that the defendants have failed to meet their burden in proving that there is no possibility that the plaintiff can establish any cause of action against the resident defendants.

In conclusion, the motion to remand will be granted. An appropriate order will be entered.

Done, this 14th of November, 2002.

                                              Edwin Nelson
                                       United States District Judge